**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Edward Walker, | No. CV-14-01893-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Dennis R Smith, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Request for Transcripts (Doc. 290) in the above-captioned matter, which is now on appeal before the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit").

**I.  BACKGROUND**

Plaintiff Paul Walker ("Plaintiff") is a prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (*See* Doc. 2 at 7; Doc. 200 at 1). A jury rendered a verdict in favor of the Defense on August 30, 2017 after a trial in this matter. (Doc. 267). Plaintiff filed his Notice of Appeal (Doc. 281) on September 13, 2017. On October 23, 2017, Plaintiff filed the pending Request for Transcripts (Doc. 290) of the trial proceedings, which the Court construes as a request for transcripts at the government's expense.

**II.  LEGAL STANDARD**

A litigant proceeding *in forma pauperis* may petition the Court to have transcripts produced at the government's expense. 28 U.S.C. § 753(f); *see also McKinney v.*

*Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub nom.*, *Helling v. McKinney*, 502 U.S. 903 (1991). 28 U.S.C. § 1915(c) grants the Court the authority to authorize payment for trial transcripts when necessary. 28 U.S.C. § 753(f), however, provides that a court should only order the government to pay for transcripts if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *Id*. A request for transcripts at the government's expense should not be granted unless "the appeal is not frivolous and presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

### III. ANALYSIS

Here, Plaintiff's Notice of Appeal (Doc. 281) omits any explanation for the basis of his appeal. Plaintiff's Request for Transcripts (Doc. 290) similarly makes no showing as to "why his appeal raises a substantial question and how a transcript of [trial proceedings] is necessary." *Ekweani v. Ameriprise Fin., Inc.*, No. CV-08-01101-PHX-FJM, 2010 WL 1541583, at *1 (D. Ariz. Apr. 19, 2010) (internal quotation marks omitted). Although Plaintiff provides that the Ninth Circuit requested transcripts of the trial proceedings, he may—and indeed did—request them from the Ninth Circuit. (*Compare* Doc. 290 *with* Ninth Cir. Doc. 14 (No. 17-16857)). The Ninth Circuit denied Plaintiff's motion without prejudice to renew the motion after the appointment of pro bono appellate counsel. (Ninth Cir. Doc. 17 (No. 17-16857)). The appeal is currently stayed pending further order of the Ninth Circuit. (*Id*.). Plaintiff may renew his request for transcripts with the Ninth Circuit at the appropriate time, should he so wish. However, this Court notes that the Ninth Circuit can request any necessary documents directly from this Court. *See, e.g.*, *Hawkins v. Adams*, No. 1:09-CV-0771-LJO-JLT, 2013 WL 4647910, at *1 (E.D. Cal. Aug. 28, 2013). Accordingly, Plaintiff's Request for Transcripts (Doc. 290) is denied.

///

///

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff Paul Walker's Request for Transcripts (Doc. 290) is **DENIED without prejudice**.[1]

Dated this 12th day of June, 2018.

*James A. Teilborg*
Senior United States District Judge

---

[1] Nothing in this Court's Order restricts Plaintiff from renewing his request before the Ninth Circuit at the appropriate time.